# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARSHA BUCK, TROY LEWIS, JEAN LEWIS, MIKE HEAD and JANET HEAD, individually and on behalf of all others similarly situated, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>REPUBLIC SERVICES, INC., )<br><br>ALLIED SERVICES, LLC d/b/a REPUBLIC SERVICES OF BRIDGETON, )<br><br>BRIDGETON LANDFILL, LLC, )<br><br>Defendants. ) | Case No.  13-cv-00801<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS REPUBLIC SERVICES, INC., ALLIED SERVICES, LLC AND BRIDGETON LANDFILL, LLC'S NOTICE OF REMOVAL

TO:  The Clerk of the United States District Court
     for the Eastern District of Missouri

PLEASE TAKE NOTICE that Defendants Republic Services, Inc., Allied Services, LLC d/b/a Republic Services of Bridgeton, and Bridgeton Landfill, LLC (collectively, the "Removing Defendants"), hereby remove the above-captioned action pending in the 21st Judicial Circuit Court of St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri.  The grounds for removal are as follows:

1. Plaintiffs, on behalf of a putative class, commenced this action entitled *Marsha Buck, et al. v. Republic Services, Inc., et al.* (the "Action") by filing a Class Action Petition with the 21st Judicial Circuit Court of St. Louis County, Missouri (the "Petition") on March 19, 2013.

2. The Action involves a putative class of individuals who allege that Removing Defendants have interfered with their property rights by the operation of a landfill (the "Bridgeton Landfill").

3. The Petition in the Action is attached as **Exhibit 1**. A copy of the Docket Sheet, St. Louis County, Case No. 13SL-00965, and the complete file from the state court are attached as **Exhibit 2**. Defendants are unaware of the existence of any process, pleadings, or orders other than the documents included in Exhibits 1 and 2. There are no motions pending before the 21st Judicial Circuit of St. Louis County, Missouri in this matter, nor are any hearings currently set.

4. As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. § 1441 because the Removing Defendants have satisfied the procedural requirements for removal and this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332.

**I.  The Removing Defendants have satisfied the procedural requirements for removal.**

5. Defendants Allied Services, LLC and Bridgeton Landfill, LLC were served with the Petition on March 29, 2013. Defendant Republic Services, Inc. was served with the Petition on April 4, 2013. Because this Notice of Removal is being filed within 30 days of service on the Removing Defendants, it is timely under 28 U.S.C. § 1446(b).

6. Under 28 U.S.C. § 1446(a), the United States District Court for the Eastern District of Missouri is the appropriate court for filing this Notice of Removal from the 21st Judicial Circuit Court of St. Louis County, Missouri, where the Action is pending. 28 U.S.C. § 105(a)(1).

7. No previous request has been made for the relief requested in this Notice.

8. All defendants join in this Notice of Removal.

2

**II.     Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332.**

9.     This Court has subject matter jurisdiction under general diversity because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.  28 U.S.C. § 1332.

10.     This Court also has subject matter jurisdiction because Plaintiffs seek injunctive relief that challenges a CERCLA cleanup in progress at the Bridgeton Landfill, part of the West Lake Landfill Superfund Site, which was placed on the National Priorities List by the Environmental Protection Agency in 1990.  This challenge to a CERCLA cleanup in progress therefore creates federal question jurisdiction under 28 U.S.C. § 1331.

   **A.     This Court has subject matter jurisdiction over Plaintiffs' claims based on diversity jurisdiction.**

   **1.     The amount in controversy requirement is satisfied.**

11.     It is apparent from the Petition that Plaintiffs seek recovery of an amount in excess of $75,000, exclusive of costs and interest.  Plaintiffs seek recovery on behalf of a class numbering in the "hundreds," and have requested damages in excess of $25,000 per class member, as well as injunctive relief and punitive damages in the amount of $500,000 per member.  *See* Ex. 1 ¶ 61 (class members number in the hundreds); ¶¶ 78, 86 and 94 (requesting punitive damages of $500,000 for each class member); *see also* pp. 14, 15, 16 (seeking damages "in an amount in excess of $25,000" per class member).  *See Federated Mut. Implement & Hardware Ins. Co. v. Steinheider*, 268 F.2d 734, 737-38 (8th Cir. 1959) (in suit for injunctive relief the amount in controversy is the value to the plaintiff of the right that is in issue); *Allison v. Security Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992) (punitive damages included in calculation of amount in controversy).

### 2.    There is complete diversity of citizenship between Plaintiffs and Removing Defendants.

12.    Plaintiffs are citizens of the State of Missouri.  Ex. 1 ¶¶ 7-9.

13.    Defendant Republic Services, Inc. is a Delaware corporation with its principal place of business in Arizona.  For purposes of determining diversity of citizenship, Republic is therefore a citizen of Delaware and Arizona.

14.    Allied Services, LLC is a Delaware limited liability company.  Allied Services has three members: Allied Waste Landfill Holdings, Inc., Allied Waste North America, Inc., and Allied Green Power, LLC.  Allied Waste Landfill Holdings, Inc. is a Delaware corporation with its principal place of business in Arizona.  Allied Waste North America, Inc. is a Delaware corporation with its principal place of business in Arizona.  Allied Green Power, LLC's sole member is Allied Waste North America, Inc.  For purposes of determining diversity of citizenship, Allied Services, LLC is therefore a citizen of Delaware and Arizona.  *See OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("An LLC's membership, for purposes of diversity jurisdiction, is the citizenship of each of its members.").

15.    Defendant Bridgeton Landfill, LLC is a Delaware limited liability company.  Its sole member is Allied Waste North America, Inc.  For purposes of determining diversity of citizenship, Bridgeton Landfill, LLC is therefore a citizen of Delaware and Arizona.

### B.    Plaintiffs challenge an ongoing CERCLA cleanup, which creates federal question jurisdiction.

16.    A district court has original jurisdiction over cases "arising under" federal law. 28 U.S.C. § 1331.

17.    Federal question jurisdiction under § 1331 has been interpreted by the United States Supreme Court such that a cause of action need not necessarily be created by federal law in order to "arise under" federal law:

4

> There is, however, another longstanding, if less frequently encountered, variety of federal "arising under" jurisdiction, this Court having recognized for nearly 100 years that in certain cases *federal-question jurisdiction will lie over state-law claims that implicate significant federal issues.* (Citation omitted). The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues.

*Grable & Sons Metal Prod., Inc. v. Darue Eng. & Mfg.*, 545 U.S. 308, 312 (2005) (emphasis added). Plaintiffs challenge the ongoing cleanup that is the subject of a July 2008 Record of Decision by the United States Environmental Protection Agency pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). This challenge involves the resolution of significant questions of federal law arising under CERCLA, and creates a federal question over which this Court has jurisdiction. With limited exceptions not applicable here, a district court "shall have exclusive jurisdiction over all controversies arising under [CERCLA]." 42 U.S.C. § 9613(b).

18. Plaintiffs refer repeatedly to involvement by the Missouri Department of Natural Resources ("MDNR") with the Bridgeton Landfill beginning in approximately January 2011. Ex. 1 ¶¶ 22, 24, 30-31, 33.

19. Plaintiffs fail to mention, however, that the Bridgeton Landfill is part of the West Lake Landfill Superfund Site (the "Superfund Site"), which was placed on the Superfund National Priorities List ("NPL") in 1990. *See* U.S. Environmental Protection Agency Record of Decision, West Lake Landfill Superfund Site, Operable Unit 2 (July 2008) ("ROD" attached as **Exhibit 3**), pp. 1-2.

20. Under the artful pleading doctrine, a federal court will have jurisdiction if a plaintiff has carefully drafted the complaint so as to avoid naming a federal statute as a basis for the claim, and the claim is in fact based on a federal statute. *Franchise Tax Bd. v. Construction*

5

*Laborers*, 463 U.S. 1, 22 (1983) ("A plaintiff may not avoid federal jurisdiction by omitting from the complaint federal law essential to his or her claim or by casting in state terms a claim that can be made only under federal law."). The artful pleading doctrine permits courts to "delve beyond the face of the state court complaint and find federal question jurisdiction" by "recharacteriz[ing] a plaintiff's state-law claim as a federal claim." *Precision Pay Phones v. Qwest Communications Corp.*, 210 F.Supp.2d 1106, 1112-13 (N.D. Cal. 2002) (*citing Hunter v. United Van Lines*, 746 F.2d 635, 640 (9th Cir. 1985)).

21. Nonetheless, in an apparent attempt to avoid federal jurisdiction, the Petition, while noting that the "Bridgeton landfill lies within the boundaries of the West Lake landfill" (Ex. 1 ¶ 42), fails to note that the Superfund Site, including the Bridgeton Landfill, is the subject of an ongoing CERCLA cleanup.

22. The Superfund Site is on a parcel of approximately 200 acres located in the northwestern portion of the St. Louis metropolitan area. Ex. 3 at p. 2. The Superfund Site is divided into two operable units. Operable Unit 1 addresses two of the inactive landfill areas on the Superfund Site that became radiologically contaminated when soils mixed with uranium ore processing residues were deposited on the Superfund Site. *Id*. Operable Unit 2 ("OU2") refers to other landfill areas on the Superfund Site, including the Bridgeton Landfill, which are not impacted by radionuclide contaminants. *Id*.

23. Since its listing on the NPL in 1990, and in conjunction with the potentially responsible parties ("PRP"), the U.S. Environmental Protection Agency ("EPA") has been evaluating the Superfund Site and been involved in feasibility studies and remedial investigation. *Id*. In December 1994, the EPA, on behalf of the United States, entered into an Administrative Order on Consent ("AOC") with PRP Laidlaw Waste Systems ("Laidlaw") related to OU2,

including the Bridgeton Landfill.  *See* Ex. 3 at p. 2; *see also* December 20, 1994 AOC attached as **Exhibit 4**.  Laidlaw submitted a Remedial Investigation ("RI") as required by the AOC, and later a Feasibility Study ("FS"), which evaluated various remedial alternatives for OU2, consistent with the requirements of the AOC, CERCLA and the National Oil and Hazardous Substances Pollution Contingency Plan ("NCP").  Ex. 3 at p. 2.  After submission of the RI and FS, the state of Missouri was afforded notice and an opportunity to review and comment on these documents.  *Id*.  The AOC is entered into between the PRP and the United States, and will be submitted to this Court for comment and approval under 28 C.F.R. § 50.7 and 40 C.F.R. § 300.430(c)(4).  *See also* Ex. 4.

24. In July 2008, the EPA issued its Record of Decision for OU2, including the Bridgeton Landfill, where it ordered the following:

- Landfill cap
- Landfill gas collection and treatment as necessary
- Institutional controls (ICs) to limit land and resource use
- Long-term groundwater monitoring and maintenance.

Ex. 3 at p. 14.  The EPA then ordered that the EPA-regulated Bridgeton Landfill carry out its closure and post-closure obligations under the ROD in accordance with state and local permits.  *Id*. at p. 15.

25. Under CERCLA section 121, each state is afforded substantial and meaningful involvement in the initiation, development and selection of remedial actions for sites located within that state.  42 U.S.C. § 9621(f).  In the ROD, the EPA stated that consistent with the EPA's policy on coordination between the Resource Conservation and Recovery Act and CERCLA actions, the Missouri Department of Natural Resources would have state technical

7

control of the implementation of the EPA's decided remedy for the Bridgeton Landfill. Ex. 3 at p. viii. Under the ROD, CERCLA § 121(c) and NCP § 300.430(f)(5)(iii)(C), the EPA will conduct a statutory five-year review for OU2, including the Bridgeton Landfill. Ex. 3 at p. 27.

26. The capping and closure remedy selected by the EPA for the Bridgeton Landfill in the ROD is therefore currently in the process of being implemented. And a January 31, 2013 letter from the U.S. Environmental Protection Agency makes it clear that the entire Superfund Site, including the Bridgeton Landfill, remains listed on the NPL as a Superfund site governed by CERCLA. *See* Letter from U.S. Environmental Protection Agency re Administrative Order on Consent ("Letter"), dated January 31, 2013 (attached as **Exhibit 5**) at p. 2.

> Another matter raised at our meeting was the possibility of EPA delisting Operable 2 of the Site as it is a solid waste landfill, regulated by the state of Missouri….Delisting a portion of a Superfund site requires another process, starting with a demonstration that the site meets four criteria set forth in the NCP. The process requires state concurrence as well as public hearing and comment period. EPA has not yet discussed this matter with the state. . . .we do not anticipate action towards that end during this year.

*Id.*

27. In keeping with the broad interpretation of the goals and purposes of CERCLA, federal jurisdiction under § 113(b) is more expansive than only those claims expressly created by CERCLA, and covers any challenge to a CERCLA cleanup. *Fort Ord Toxics Project, Inc. v. Cal. Envt'l Prot. Agency*, 189 F.3d 828, 832 (9th Cir. 1999).

28. When claims asserted by a party, including state law claims, interfere with the "primary objectives of CERCLA which include 'effectuating quick cleanups of hazardous waste sites' and 'encouraging voluntary private action to remedy environmental hazards,'" and threaten to "circumvent the goals of CERCLA," such claims constitute a challenge to CERCLA and "compels [the federal court] to exercise jurisdiction." *Lehman Bros. Inc. v. City of Lodi*, 333

8

F.Supp.2d 895, 904-06 (E.D. Cal. 2004) (*quoting Fireman's Fund Ins. Co. v. City of Lodi*, 296 F.Supp.2d 1197, 1217 (E.D. Cal. 2003)).

29. Accordingly, in order to best effectuate the intent of Congress to promote the swift execution of CERCLA cleanups, the exclusive federal jurisdiction provision of 42 U.S.C. § 9613(b) is interpreted to cover any challenge to a CERCLA cleanup, including a challenge to, or interference with, the goals and purposes of CERCLA. *See Fort Ord*, 189 F.3d at 832.

30. Plaintiffs seek injunctive relief that would "preliminarily and permanently enjoin the Defendants from operating the Bridgeton Landfill in such a manner that allows the subsurface smoldering event to continue." Ex. 1 at p. 17. Plaintiffs' sought injunctive relief would interfere with the cleanup that is currently progressing under the mandate of CERCLA and the EPA, which would compromise the objective of CERCLA, which is to promote the prompt cleanup of contaminated sites and encourage voluntary action to remedy environmental hazards.

31. Plaintiffs allege that "there is nothing currently in place" (Ex. 1 ¶ 98) to address the heat generating event at the Bridgeton Landfill, which challenges the ongoing cleanup at West Lake and Bridgeton. Plaintiffs' injunctive relief claim therefore requires resolution of significant questions of federal law over which the exercise of jurisdiction in this Court is appropriate. In addition, the remainder of Plaintiffs' claims and requests for relief arise out of the same operative facts concerning the heat generating event and alleged failure to properly remediate the same at the Bridgeton Landfill. It is therefore appropriate for this Court to exercise pendent jurisdiction over the entire matter. Removing Defendants reserve any and all rights to assert any and all defenses to the Petition.

32. Removing Defendants reserve the right to amend or supplement this Notice of Removal.

33. Written notice of the filing of this Notice of Removal will be given to Plaintiffs and the state court promptly after the filing of the Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Removing Defendants remove the above-entitled action from the 21st Judicial Circuit Court of St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri.


Dated: April 26, 2013                               LATHROP & GAGE LLP



                                                    By:   /s/ Robert G. Rooney
                                                          Robert G. Rooney(43381MO)
                                                          rrooney@lathropgage.com
                                                          2345 Grand Boulevard, Suite 2200
                                                          Kansas City, Missouri  64108-2618
                                                          Telephone:   (816) 292-2000
                                                          Telecopier:  (816) 292-2001

                                                          Matthew A. Jacober (51585MO)
                                                          mjacober@lathropgage.com
                                                          Pierre Laclede Center
                                                          7701 Forsyth Blvd., Suite 500
                                                          Clayton, Missouri  63105
                                                          Telephone:   (314) 613-2800
                                                          Telecopier:  (314) 613-2801

                                                          ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above pleading was served via the U.S. District Court ECM/ECF system, and by first class United States mail, postage prepaid, on the following counsel of record, this 26th day of April, 2013:

    Ted N. Gianaris
    John R. Phillips
    Jennifer Hightower
    SIMMONS BROWDER GIANARIS
       ANGELIDES & BARNERD LLC
    One Court Street
    Alton, Illinois  62002
    tgianaris@simmonsfirm.com
    jphillips@simmonsfirm.com
    jhightower@simmonsfirm.com

    ATTORNEYS FOR PLAINTIFFS

                                            /s/ Robert G. Rooney
                                          An Attorney for Defendants