IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARSHA BUCK, TROY LEWIS, JEAN LEWIS, MIKE HEAD and JANET HEAD, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>REPUBLIC SERVICES, INC.,<br><br>ALLIED SERVICES, LLC d/b/a REPUBLIC SERVICES OF BRIDGETON,<br><br>BRIDGETON LANDFILL, LLC,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No.  13-CV-00801<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ANSWER OF DEFENDANT BRIDGETON LANDFILL, LLC**

Defendant Bridgeton Landfill, LLC ("Bridgeton"), for its Answer to Plaintiffs' Class Action Petition ("Petition"), states as follows:

### **Introduction**

1. Bridgeton admits that it owns and operates the Bridgeton Landfill located at 13570 St. Charles Rock Rd., Bridgeton, MO 63044, and that it consists of approximately 52 acres of land that is used as a landfill. Bridgeton denies the remaining allegations contained in paragraph 1.

2. Bridgeton denies the allegations contained in paragraph 2.

3. Bridgeton admits that the thermal event has caused a faster rate of decomposition of the refuse in the landfill. Bridgeton admits that, based upon the faster rate of decomposition, at some times, and in some locations, there is an increased odor that may be viewed by some as offensive. Bridgeton denies the remaining allegations contained in paragraph 3.

4.     Bridgeton admits that the Bridgeton Landfill lies within the boundaries of the West Lake Landfill Superfund Site.  Bridgeton denies that the thermal reaction is no more than 1200 feet from radioactive waste.  Bridgeton is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 4, and therefore denies the same.

5.     Bridgeton denies the allegations contained in paragraph 5.

6.     Bridgeton denies the allegations contained in paragraph 6.

### The Parties and Venue

7.     Bridgeton is without information or knowledge sufficient to form a belief as to paragraph 7, and therefore denies the same.

8.     Bridgeton is without information or knowledge sufficient to form a belief as to paragraph 8, and therefore denies the same.

9.     Bridgeton is without information or knowledge sufficient to form a belief as to paragraph 9, and therefore denies the same.

10.    Bridgeton admits that Republic Services, Inc. is a Delaware corporation with its principal place of business in Arizona.  Bridgeton denies the remaining allegations contained in paragraph 10.

11.    Bridgeton admits that Allied Services, LLC, d/b/a Republic Services of Bridgeton, is a Delaware limited liability company, whose members are Allied Waste Landfill Holdings, Inc., Allied Waste North America, Inc., and Allied Green Power, LLC.  Allied Waste Landfill Holdings, Inc. is a Delaware corporation with its principal place of business in Arizona.  Allied Waste North America, Inc. is a Delaware corporation with its principal place of business in Arizona.  Allied Green Power, LLC's sole member is Allied Waste North America, Inc.  Bridgeton denies the remaining allegations contained in paragraph 11.

12. Bridgeton admits that Bridgeton Landfill, LLC is a Delaware limited liability company whose sole member is Allied Waste North America, Inc., a Delaware corporation with its principal place of business in Arizona. Bridgeton denies the remaining allegations contained in paragraph 12.

13. Bridgeton states that Bridgeton Landfill, LLC owned and/or operated the Bridgeton Landfill since a date prior to November 1, 2010. Bridgeton denies the remaining allegations contained in paragraph 13.

14. Bridgeton admits that it is the owner of the Bridgeton Landfill. Bridgeton denies the remaining allegations contained in paragraph 14.

15. Bridgeton denies the allegations contained in paragraph 15.

16. Bridgeton denies the allegations contained in paragraph 16.

17. Bridgeton admits that it has consulted with and been assisted by Republic Services, Inc. and Allied Services, LLC with matters pertaining to the Bridgeton Landfill since the thermal reaction began. Bridgeton denies the remaining allegations contained in paragraph 17.

18. Bridgeton denies the allegations contained in paragraph 18.

19. Bridgeton states that paragraph 19 is a conclusion of law that does not require a response. To the extent a response is required, Bridgeton denies the same.

## Facts Relevant to All Counts

20. Bridgeton denies the allegations contained in paragraph 20.

21. Bridgeton admits the allegations contained in paragraph 21.

22. Bridgeton admits that it made a report to the Missouri Department of Natural Resources on December 3, 2010 regarding elevated temperatures on some gas extraction wells. Bridgeton denies the remaining allegations contained in paragraph 22.

23. At the time elevated temperatures were reported to MDNR, Bridgeton was unaware of the event causing the temperature change, and therefore denies the allegations contained in paragraph 23.

24. Bridgeton Landfill, LLC reported the gas levels at the Bridgeton Landfill and therefore denies paragraph 24 to the extent it alleges that MDNR took affirmative steps to determine the gas levels at the Bridgeton Landfill. Bridgeton admits that its monitoring equipment indicated elevated levels of carbon monoxide and carbon dioxide in January 2011. Bridgeton denies the remaining allegations contained in paragraph 24.

25. Bridgeton admits that in January 2011 it discovered elevated levels of carbon monoxide and carbon dioxide, as stated in response to paragraph 24. Bridgeton denies the remaining allegations contained in paragraph 25.

26. Bridgeton is without information or knowledge sufficient to form a belief as to the allegations in paragraph 26 and therefore denies the same.

27. Bridgeton admits that a portion of the landfill settled approximately 40 feet due to the increased rate of decomposition at the landfill, but denies that such settlement occurred over the course of only three months. Bridgeton therefore denies the remaining allegations contained in paragraph 27.

28. Bridgeton admits the allegations contained in paragraph 28.

29. Bridgeton admits that the increased rate of decomposition results in the increase of odor at some times and in some locations. Bridgeton denies the remaining allegations contained in paragraph 29.

30. Bridgeton denies the allegations contained in paragraph 30.

31. Bridgeton denies the allegations contained in paragraph 31.

32. Bridgeton denies the allegations contained in paragraph 32.

33. Bridgeton denies the allegations contained in paragraph 33.

34. Bridgeton denies the allegations contained in paragraph 34.

35. Bridgeton denies the allegations contained in paragraph 35.

36. Bridgeton denies the allegations contained in paragraph 36.

37. Bridgeton denies the allegations contained in paragraph 37.

38. Bridgeton denies the allegations contained in paragraph 38.

39. Bridgeton denies the allegations contained in paragraph 39.

40. Bridgeton denies the allegations contained in paragraph 40.

41. Bridgeton denies the allegations contained in paragraph 41.

42. Bridgeton admits the allegations contained in paragraph 42.

43. Bridgeton is without information or knowledge sufficient to form a belief as to the allegations contained in paragraph 43, and therefore denies the same.

44. Bridgeton is without information or knowledge sufficient to form a belief as to the allegations contained in paragraph 44, and therefore denies the same.

45. Bridgeton is without information or knowledge sufficient to form a belief as to the allegations contained in paragraph 45, and therefore denies the same.

46. Bridgeton admits that low-level radiological material was deposited and used as cover at the West Lake Landfill Superfund Site.

47. Bridgeton denies the allegations contained in paragraph 47.

48. Bridgeton denies the allegations contained in paragraph 48.

49. Bridgeton is without information or knowledge sufficient to form a belief as to the allegations in paragraph 49, and therefore denies the same.

50. Bridgeton denies the allegations contained in paragraph 50.

51. Bridgeton denies the allegations contained in paragraph 51.

52. Bridgeton denies the allegations contained in paragraph 52.

53. Bridgeton is without information or knowledge sufficient to form a belief as to the allegations in paragraph 53, and therefore denies the same.

54. Bridgeton is without information or knowledge sufficient to form a belief as to the allegations in paragraph 54, and therefore denies the same.

55. Bridgeton denies the allegations contained in paragraph 55.

## Class Allegations

56. Bridgeton states that paragraph 56 pleads no facts, but instead states Plaintiffs' intentions to certify a class. To the extent that paragraph 56 requires a response, Bridgeton denies the allegations contained therein.

57. Bridgeton states that paragraph 57 pleads no facts and that a description of the Owner-Occupant class that Plaintiffs propose to represent is not an allegation. To the extent that paragraph 57 requires a response, Bridgeton denies the allegations contained therein.

58. Bridgeton states that paragraph 58 pleads no facts and that a description of the Tenant Class that Plaintiffs propose to represent is not an allegation. To the extent that paragraph 58 requires a response, Bridgeton denies the allegations contained therein.

59. Bridgeton states that paragraph 59 pleads no facts and that a description of those excluded from the class is not an allegation. To the extent that paragraph 59 requires a response, Bridgeton denies the allegations contained therein.

60. Bridgeton states that paragraph 60 pleads no facts and that a reservation of rights to amend or modify the class definition is not an allegation. To the extent that paragraph 60 requires a response, Bridgeton denies the allegations contained therein.

61.     Bridgeton states that paragraph 61 pleads no facts and that Plaintiffs' assertions about the potential numerosity of their class is mere speculation, is based on unsupported theories and legal conclusions, and is insufficient for Plaintiffs to certify a class action. To the extent that paragraph 61 requires a response, Bridgeton denies the allegations contained therein.

62.     Bridgeton states that paragraph 62 is a legal conclusion about the commonality of questions of fact and law in this case that does not require a response. To the extent that paragraph 62 does require a response, Bridgeton denies the allegations contained therein, including all subparts.

63.     Bridgeton states that Plaintiffs' assertions about the typicality of their class is a legal conclusion, which does not require a response. To the extent that Plaintiffs' allegation regarding typicality does require a response, Bridgeton denies the allegations contained therein. Bridgeton denies the remaining allegations contained in paragraph 63.

64.     Bridgeton states that Plaintiffs' assertions about the adequacy of their representation of the class and of their counsel, as well as assertions about the lack of conflict between Plaintiffs and the classes, is a legal conclusion, which does not require a response. To the extent that Plaintiffs' allegations regarding adequacy and lack of conflicts does require a response, Bridgeton denies the allegations contained therein.

65.     Bridgeton states that Plaintiffs' assertions about the appropriateness of a class action for fair and efficient adjudication of this controversy is a legal conclusion, which does not require a response. To the extent that Plaintiffs' allegations regarding appropriateness of a class action do require a response, Bridgeton denies the allegations contained therein, including all subparts.

66. Bridgeton states that Plaintiffs' conclusion as to the appropriateness of the class is a legal conclusion, which does not require a response. To the extent these conclusions do require a response, Bridgeton denies the allegations contained in paragraph 66.

## Claims

### Count I – Negligence (Owner-Occupant and Tenant Classes)

67. In response to paragraph 67, Bridgeton incorporates by reference its answers and responses to each allegation contained in paragraphs 1 through 66.

68. Bridgeton states that the law of nuisance protects Bridgeton Landfill's neighbors from substantial interference with the use and enjoyment of their homes resulting from the unreasonable use of the landfill, but denies that the law of nuisance gives rise to an independent cause of action for negligence. Bridgeton therefore denies the allegations contained in paragraph 68.

69. Bridgeton denies the allegations contained in paragraph 69.

70. Bridgeton denies the allegations contained in paragraph 70.

71. Bridgeton denies the allegations contained in paragraph 71.

72. Bridgeton denies the allegations contained in paragraph 72.

73. Bridgeton denies the allegations contained in paragraph 73.

74. Bridgeton admits that the Bridgeton Landfill is "controlled" by Bridgeton Landfill, LLC, subject to regulations imposed by the Environmental Protection Agency, Missouri Department of Natural Resources and certain local governmental units. Bridgeton denies the remaining allegations contained in paragraph 74.

75. Bridgeton denies the allegations contained in paragraph 75.

76. Bridgeton denies the allegations contained in paragraph 76.

77. Bridgeton denies the allegations contained in paragraph 77.

78. Bridgeton states that Plaintiffs' assertion that they are requesting punitive damages is not an allegation, and does not require a response. To the extent it does require a response, Bridgeton denies the allegation contained in paragraph 78.

### Count II – Temporary Nuisance (Owner-Occupant and Tenant Classes)

79. In response to paragraph 79, Bridgeton incorporates by reference its answers and responses to each allegation contained in paragraphs 1 through 78.

80. Bridgeton denies the allegations contained in paragraph 80.

81. Bridgeton denies the allegations contained in paragraph 81.

82. Bridgeton denies the allegations contained in paragraph 82.

83. Bridgeton denies the allegations contained in paragraph 83.

84. Bridgeton denies the allegations contained in paragraph 84.

85. Bridgeton denies the allegations contained in paragraph 85.

86. Bridgeton states that Plaintiffs' assertion that they are requesting punitive damages is not an allegation, and does not require a response. To the extent it does require a response, Bridgeton denies the allegation contained in paragraph 86.

### Count III – In the Alternative, Permanent Nuisance (Owner-Occupant Class)

87. In response to paragraph 87, Bridgeton incorporates by reference its answers and responses to each allegation contained in paragraphs 1 through 86.

88. Bridgeton denies the allegations contained in paragraph 88.

89. Bridgeton denies the allegations contained in paragraph 89.

90. Bridgeton denies the allegations contained in paragraph 90.

91. Bridgeton denies the allegations contained in paragraph 91.

92. Bridgeton denies the allegations contained in paragraph 92.

93. Bridgeton denies the allegations contained in paragraph 93.

94. Bridgeton states that Plaintiffs' assertion that they are requesting punitive damages is not an allegation, and does not require a response. To the extent it does require a response, Bridgeton denies the allegation contained in paragraph 94.

**Count IV – Preliminary and Permanent Injunction (Owner-Occupant and Tenant Classes)**

95. In response to paragraph 95, Bridgeton incorporates by reference its answers and responses to each allegation contained in paragraphs 1 through 94.

96. Bridgeton denies the allegations contained in paragraph 96.

97. Bridgeton denies the allegations contained in paragraph 97.

98. Bridgeton denies the allegations contained in paragraph 98.

99. Bridgeton denies the allegations contained in paragraph 99.

100. Bridgeton denies the allegations contained in paragraph 100.

101. Bridgeton denies the allegations contained in paragraph 101.

102. Bridgeton denies each and every allegation contained in Plaintiffs' Petition not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

Bridgeton, for its affirmative and/or further defenses, states as follows:

1. Plaintiffs' Petition fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred by the applicable statutes of limitations.

3. Plaintiffs have not suffered any legally compensable injury within the applicable periods of limitations preceding the filing of this action.

4. Plaintiffs' Petition and each purported cause of action therein are barred, in whole or in part, by the doctrine of laches in that Plaintiffs have unreasonably delayed the commencement of this action and have thereby prejudiced Bridgeton.

5. Plaintiffs' Petition and each purported cause of action therein are barred, in whole or in part, by the doctrine of estoppel.

6. Plaintiffs' Petition and each purported cause of action therein are barred, in whole or in part, by the doctrine of waiver.

7. Plaintiffs' Petition and each purported cause of action therein are barred, in whole or in part, by the doctrine of unclean hands.

8. Plaintiffs failed to join St. Louis Lambert Airport as a necessary or indispensable party to the extent the injunctive relief sought by Plaintiffs affects the airport's negative easement at Bridgeton Landfill.

9. Plaintiffs failed to join the U.S. Environmental Protection Agency, an indispensable party.

10. Plaintiffs failed to exhaust their administrative remedies.

11. Plaintiffs failed to provide Bridgeton with timely notice of any alleged cause of action.

12. Plaintiffs' purported causes of action and alleged damages, if any, were not proximately caused by any act or omission of Bridgeton.

13. Bridgeton denies all allegations of wrongdoing and damages as alleged in the Petition, but if in fact Plaintiffs did sustain damages, such damages were caused by the acts or omissions of persons or entities for whose conduct Bridgeton is not legally responsible.

14. Plaintiffs' purported causes of action and alleged damages, if any, are the responsibility of third parties including, but not limited to, the Plaintiffs and other unnamed parties, and such liability, if any, should be apportioned according to fault in accordance with the laws of the State of Missouri.

15. Plaintiffs failed to exercise reasonable and ordinary care, caution, or prudence in order to avoid Plaintiffs' alleged damages, so the resulting damages, if any, sustained by Plaintiffs were proximately caused and contributed to by the negligence of Plaintiffs.

16. The alleged damages claimed by Plaintiffs are speculative, depend on the happening of events that are not reasonably certain to occur, may be mitigated by future events, and cannot be determined with the degree of certainty required by law.

17. The Petition and each purported cause of action therein are barred, in whole or in part, because the operations at issue were in existence and ongoing prior to the Plaintiffs purchasing and/or moving to their residences.

18. Bridgeton denies all allegations of wrongdoing and damages as alleged in the Petition, but if in fact Plaintiffs did sustain damages, Bridgeton is not responsible for those damages because Plaintiffs failed to mitigate the alleged damages.

19. The Petition and each purported cause of action therein are barred because the utility of the conduct of which Plaintiffs complain outweighs any alleged harm to Plaintiffs.

20. Plaintiffs' purported class is not manageable or ascertainable because, among other things: the purported class definition is inappropriate, the purported class members lack community of interest, common questions of law and fact do not predominate as amongst the purported class members, and Bridgeton's liability could not be determined by facts common to the purported class members.

21. Bridgeton denies all allegations of wrongdoing and damages as alleged in the Petition, but if in fact Plaintiffs did sustain damages, Plaintiffs' damages do not include punitive damages.

22. As a matter of law and public policy, punitive damages should not be awarded to Plaintiffs because they are barred by federal and state constitutional and statutory due process guarantees, and prohibitions against excessive fines, penalties and punitive damage awards, including but not limited to the Eighth and Fourteenth Amendments to the United States Constitution, and Article I, section 21 of the Missouri Constitution.

23. Plaintiffs do not have standing, and are not the real parties in interest, for the purpose of seeking the injunctive relief prayed for in the Petition.

24. Plaintiffs' request for injunctive relief is preempted as it attempts to shape and therefore challenge the remedy already underway under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §9604, and violates the timing of review provisions thereunder, 42 U.S.C. § 9613(h).

25. There can be no double recovery for any alleged injury. To the extent that Plaintiffs have alleged damages that already have been compensated or remediated, or any expenses otherwise covered, Plaintiffs are barred from seeking further recovery and must elect their remedy.

26. Plaintiffs' claim for negligence should be dismissed because they allege a cause of action for nuisance, and therefore no independent negligence claim exists.

27. Bridgeton reserves the right to amend its Answer and affirmative defenses and to plead additional defenses as discovery progresses.

WHEREFORE, having fully answered Plaintiffs' Class Action Petition, Bridgeton requests that the Court deny the relief sought by Plaintiffs, and grant such other and further relief as the Court deems just and proper.

- 14 -

Dated: April 26, 2013                               LATHROP & GAGE LLP


By:   /s/ Robert G. Rooney
      Robert G. Rooney (43381MO)
      rrooney@lathropgage.com
      2345 Grand Boulevard, Suite 2200
      Kansas City, Missouri  64108-2618
      Telephone:   (816) 292-2000
      Telecopier:   (816) 292-2001

      Matthew A. Jacober (51585MO)
      mjacober@lathropgage.com
      Pierre Laclede Center
      7701 Forsyth Blvd., Suite 500
      Clayton, Missouri  63105
      Telephone:   (314) 613-2800
      Telecopier:   (314) 613-2801

      ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the above pleading was served via the U.S. District Court ECM/ECF system, and by first class United States mail, postage prepaid, on the following counsel of record, this 26th day of April, 2013:

Ted N. Gianaris
John R. Phillips
Jennifer Hightower
SIMMONS BROWDER GIANARIS
   ANGELIDES & BARNERD LLC
One Court Street
Alton, Illinois  62002
tgianaris@simmonsfirm.com
jphillips@simmonsfirm.com
jhightower@simmonsfirm.com

ATTORNEYS FOR PLAINTIFFS


                                                /s/ Robert G. Rooney
                                                An Attorney for Defendants