UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARSHA BUCK, TROY LEWIS, JEAN LEWIS, MIKE HEAD, JANET HEAD, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:13cv0801 TCM ) |
| REPUBLIC SERVICES, INC, ALLIED SERVICES, LLC, d/b/a Republic Services of Bridgeton, and BRIDGETON LANDFILL, LLC, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This is a class action arising from the operation of a landfill by Defendants in Plaintiffs' community. The same landfill is also at the heart of a lawsuit filed by the Missouri Attorney General the week after this action. See State of Missouri v. Republic Services, Inc., No. 13 SL-CC01088 (Mo. Cir. Ct. Mar. 27, 2013). The parties in this other action have agreed to the entry of a preliminary injunction. Pursuant to that agreement, Defendants sent a "Dear Neighbor" letter to residents living within one mile of the landfill. (See Pls. Decl. Ex. 1, ECF No. 15-1.) Plaintiffs take exception to this letter, arguing that it is a "take-it or leave-it offer" that is misleading and inadequate. In their pending motion for expedited corrective action, Plaintiffs request that the Court (a) direct Defendants to submit any future communications with putative class members to Plaintiffs' counsel and, if necessary, to the

Court for approval, and (b) compel Defendants to (i) pay a specific per diem rate to putative class members, (ii) reimburse these members for "necessary and reasonable pet boarding costs and childcare costs," and (iii) "provide stepped up security in a one mile radius of the Landfill." (Pls. Mot. at 6, ECF No. 14.)

During a hearing held by telephone conference with counsel on May 17, 2013, the Court resolved all issues raised in the pending motion with the exception of Defendants' objection to submitting any written communications intended for putative class members to Plaintiffs' counsel before sending out the communication. Citing **Great Rivers Co-Op v. Farmland Indus., Inc.**, 59 F.3d 764 (8th Cir. 1995), Defendants argue that requiring them to obtain prior approval from Plaintiffs' counsel of any communications to putative class members would unduly restrict their speech to such members. In **Great Rivers**, the trial court order at issue (a) restricted the defendant from making *any* statement that could be construed as counseling potential class members to opt out of the class and (b) required the defendant to print in its newsletter a statement from plaintiffs about their case. **Id.** at 765. Noting that "[i]n a class-action lawsuit, a district court may not order restraints on speech . . . except when justified by actual or threatened misconduct of a serious nature, " the court held that "there must be a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties" before such an order could be entered. **Id.** at 766. In the case before it, there was no such evidence. **Id.**

Defendants' reliance on this case reflects a misunderstanding of the Court's order. Although the telephone conference was not on the record, the Court has reviewed its notes

of the hearing and its own recollection. The Court is certain that it never suggested or intended Plaintiffs' counsel to have full veto power over Defendants' communications. Instead, the Court found that sending the communications to opposing counsel first might avoid any future confusion or dispute after the fact. If Plaintiffs' counsel has any objection to these written communications, they would or should contact the Court for a hearing on the matter after informally attempting to resolve their objection with Defendants' counsel. Thus, unlike the trial court in **Great Rivers**, the Court is not ordering Defendants not to make any written communication to potential class members or requiring it to publish a statement by Plaintiffs. The order at issue is not that restrictive.

Additionally, there is evidence Defendants sent letters to potential class members with an offer of lodging and expenses. This communication failed to inform the potential class members that they would still have other litigation rights regardless whether they accepted the offer. The parties agreed during the telephone conference that Defendants would send out another notice to all those individuals who received the initial offer advising them that their acceptance of the offer would not be construed as a release of any legal claims they might have against Defendants. Such clarification is particularly important in the instant case due to the pendency of the state court action initiated by the Missouri Attorney General about the same landfill. Thus, confusion is a distinct possibility. To avoid this potential confusion, notice to Plaintiffs' counsel by defense counsel of a prospective communication seems prudent and not unduly restrictive.

The Court notes that it is not accusing Defendants of any wrong doing. The Court does, however, perceive confusion or the possibility of confusion with concurrent lawsuits about the same alleged wrongdoing by Defendants. This Court "has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." **Gulf Oil Co. v. Bernard**, 452 U.S. 89, 100 (1981) (holding that the trial court's order imposing a *complete ban on all* communications concerning a class action between parties and their counsel exceeded that broad authority). Consistent with this duty and authority, the Court orders Defendants to provide notice to Plaintiffs' counsel of any written communication they intend to send potential class members three days prior to sending the communication. Plaintiffs will then will have three days to file a motion with the Court addressing any concerns. A hearing will promptly follow.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for expedited corrective action [Doc. 14] is **DENIED** in part and **GRANTED** in part as set forth above.

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of May, 2013.