# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MARSHA BUCK, TROY LEWIS, JEAN LEWIS, MIKE HEAD and JANET HEAD, TODD CHOWNING, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.:  4:13-cv-00801-TCM |
| vs. | ) ) | |
| REPUBLIC SERVICES, INC., ALLIED SERVICES, LLC, d/b/a Republic Services of Bridgeton, and BRIDGETON LANDFILL, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

### Introduction

Plaintiffs Marsha Buck, Troy Lewis, Jean Lewis, Mike Head, Janet Head and Todd Chowning (collectively "Plaintiffs") have entered into a class action settlement with Defendants Republic Services, Inc., Allied Services, LLC d/b/a/ Republic Services of Bridgeton and Bridgeton Landfill, LLC (collectively "Republic").  The settlement terms provide class members the opportunity to voluntarily opt-in to the settlement ("Voluntary Participants").  Pursuant to Rules 23(b)(3) and 23(e) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request that the Court grant final approval of the settlement because all of the Eighth Circuit factors weigh in favor of court approval in this case.  To the extent there are limited objectors, those limited objectors should not prevent the Voluntary Participants from choosing to settle their claims.  Therefore, the Court should approve the settlement.

## Background

### The Litigation

After experiencing noxious and foul odors emanating from Defendants' Landfill for nearly two years, Plaintiffs filed suit this class action lawsuit in St. Louis County on March 19, 2013, alleging Negligence, Temporary Nuisance, or in the Alternative Permanent Nuisance, and Injunctive Relief.[1]   Defendants removed this action to the Eastern District of Missouri and filed their Answers denying liability and raising affirmative defenses.  Doc. #1-5.

The parties commenced discovery both into whether the case should proceed as a class action and into the underlying merits of whether Republic was liable and whether and to what extent the Plaintiffs and surrounding community were damaged.  To that end, Plaintiffs' Counsel (now appointed as Class Counsel) reviewed thousands of documents and deposed numerous Republic witnesses and a fire expert, Todd Thalhammer.  Plaintiffs also filed their motion to certify the class, along with expert reports from Dr. Al Heber (an odor expert), Stephen Petty (an emissions expert), and John Schlueter (a real estate expert).  Docs. 48-50.  Defendants vigorously opposed Plaintiffs' motion to certify by filing their brief on November 12, 2013.   In their support, Defendants submitted competing expert reports and motions to strike all three of Plaintiffs' expert witness reports.  Docs. 79-82.

### The Settlement

On December 5, 2013, the parties participated in a court-ordered mediation with William Hartgering serving as a court-approved, independent mediator. Doc. 102.  At approximately 9:00 p.m., the parties reached an agreement in principle to settle the case for an aggregate total of $6,886,500.00, to be divided based on the addresses in the agreed-to class area (an area representing the neighborhoods of Spanish Village, the Terrisan Mobile Home Park, and the

---

[1] The filing of Plaintiffs' class action petition was preceded by months of fact gathering and community meetings.

Carrolton Condominiums and Apartments). [2]   Class representatives from each neighborhood included in the class area signed off on the settlement reached at that time.

For the next four and a half months, the parties negotiated the details of the settlement agreement, including the addresses to be included in the class area, the identified members of the class, and the scope of the release.   On April 16, 2014, the parties filed a Joint Motion for Preliminary Approval of the Settlement.  Doc. #118.  The Court granted preliminary approval of this Joint Motion on April 17, 2014, appointed Plaintiffs as Class Representatives and Simmons Browder Gianaris Angelides & Barnerd, LLC[3] as Class Counsel.  Doc. #120.  Notice of the class action settlement and claim forms for participation issued shortly thereafter, with the deadline for participation initially set for July 1, 2014.

The terms of the Settlement are embodied in a Settlement Agreement that was filed with the Court. *See* Doc. 118-1, Settlement Agreement and Release ("Settlement Agreement").  Under the Settlement Agreement, Plaintiffs and a settlement class of other Owner-Occupants and Tenants residing within an approximate mile of the Landfill were provided the opportunity to voluntarily participate in the settlement program.   *Id.* In exchange, the Voluntary Participants release Republic from claims for property damage relating to the environmental conditions at the Landfill and past or present medical conditions that could be caused by the environmental conditions. *Id.* In addition to the settlement consideration to the Voluntary Participants, Republic agreed to pay each Class Representative an enhancement award of $15,000 for the time they expended towards prosecuting the case. *Id.*

---

[2] This figure was calculated during mediation based on an estimate of the number of households located in the Class Area.
[3] Simmons Browder Gianaris Angelides & Barnerd, LLC has changed names, effective July 1, 2014, as a result of a merger with another national law firm with extensive experience handling complex litigation including class actions. The new firm name is Simmons Hanly Conroy, LLC.

The Settlement Agreement further provides that Class Counsel will seek an award of attorneys' fees of twenty-five percent (25%)[4] and costs in the amount of $251,147.21.

Thereafter, allegations were raised that radioactive emissions were released from the Bridgeton Landfill into the surrounding area. Because the initial settlement release stated that no known emissions were off-site, an ambiguity was created. The parties negotiated an Addendum that provided class members with the option to amend the release to allow them to seek compensation for radioactive emissions on their property, consistent with the Price-Anderson Act (and the newly filed class action lawsuit of *John James v. Republic, et al*. Case No. 4:14-cv-729ERW, Eastern District of Missouri). Doc. #141. On June 13, 2014, the Court granted the joint motion to amend the release and extended the deadline for voluntary participation or objection to July 18, 2014. Doc. #143.

In the interim, from June 2014 until July 18, 2014, Class Counsel expended every reasonable resource available to contact potential class members and notify them of their rights and the voluntary settlement program. These efforts included multiple community meetings, numerous mailings, hundreds of phone calls, multiple mass emails, multiple attempts by attorneys and others to canvass the neighborhoods and surrounding St. Louis area (as some individuals had moved from the class area). All of these efforts were in addition to the Court-required notice that was sent to the identified class members.

In all, Plaintiffs identified a total of 1244 individuals who were likely class members. At this time, 947 of those have decided to participate, constituting a 76% voluntary participation rate. Twenty-five people (or 2%) have filed objections and eighty people have affirmatively

---

[4] As of this filing, attorneys fees are $1,154,984.86. However, the rate of Voluntary Participants may slightly increase between this filing and August 8, 2014, which is the final date for objectors to choose to participate in the settlement program. To the extent additional people do participate by that date, the attorneys' fees would slightly increase.

4

filed opt outs.  The Settlement Agreement is such that those who do not respond are treated as opt outs and therefore not bound by any of the settlement terms.

As described herein, Plaintiffs and Class Counsel submit that the Settlement is eminently fair, reasonable and adequate and request that the Court grant final approval to the Settlement Agreement and certification of the Settlement Class.

<u>**Argument**</u>

The settlement was reached by experienced, fully-informed Class Counsel after protracted and intense arm's-length negotiations.  In addition, Class Counsel undertook a thorough investigation, including the review of voluminous documents, the taking of numerous depositions, preparation of a detailed class certification submission and an analysis of the defenses raised by Republic.  Thus, Class Counsel was fully informed of the merits and weakness of the lawsuit and the class members' prospects for recovery by the time the Settlement was consummated.  For the following reasons, the Court should grant final approval.

## I. The Opt-In Nature of This Settlement Protects the Interests of Absent Class Members

The Eighth Circuit recently reiterated that a class action settlement agreement is "presumptively valid." *In re Uponor, Inc.*, 716 F.3d 1057, 1063 (8th Cir. 2013).  That presumption is especially applicable in this case given that the Settlement Agreement contemplates that class members can choose to voluntarily participate.  If any class member decides for whatever reason not to affirmatively participate, that member retains his or her full rights.  Thus, this settlement—and whether it is fair—does not present the typical concerns as a settlement that binds absent class members.  *See Jenson v. Continental Fin. Corp.*, 591 F.2d 477, 482 n. 7 (8th Cir. 1979) (explaining that purpose of Rule 23(e), which prohibits class actions from

being dismissed or compromised without court approval, is to protect absent class members' rights and interests ).

## II.     All of the Eighth Circuit's Factors Weigh Heavily in Favor of Settlement

A district court may approve a class action settlement after determining that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).  In making that determination, the Court should consider (1) "the merits of the plaintiff's case[ ] weighed against the terms of the settlement," (2) "the defendant's financial condition," (3) "the complexity and expense of further litigation," and (4) "the amount of opposition to the settlement." *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988).    Here, all of the factors weigh strongly in favor of approving settlement.

### A.  Weighing the Merits of Plaintiffs' Case Against Settlement Terms

The first factor weighs in favor of settlement because the Settlement represents a fair recovery for the Settlement Class when measured against the best possible recovery and an excellent recovery when viewed in light of all of the attendant risks of litigation.  The settlement amounts for the three neighborhoods ($35,000 per address for Spanish Village; $20,500 per address for the Terrisan Mobile Home Park; and $5250 per address for the Carrolton Condominiums and apartments) represent a fair approximation of what might be awarded by a jury for a temporary nuisance of the type in this case—a foul and noxious odor that temporarily affects class members' use and enjoyment of their property.  This is particularly true considering that loss of property value is not a remedy for temporary nuisance; instead temporary nuisance damages are loss in fair market value of rent, plus annoyance, distress, and loss of use and enjoyment of property.  *Owens v. ContiGroup*, 344 S.W.3d 717 (Mo.App. W.D. 2011).  In light

of the remedies available under Missouri law for temporary nuisance, the settlement amounts represent a fair recovery for the class.

Moreover, the immediacy and certainty of recovering a fair portion of their damages instead of continuing with risky litigation weighs in favor of settlement. *See In re Charter Communications, Inc. Securities Litigation*, Case No. MDL 1506, 4:02-CV-1186 CAS, 2005 WL 4045741, *8 (E.D. Mo. June 30, 2005) ("In contrast to the delay and uncertainty attendant with such litigation, the Settlement Agreement provides substantial and immediate benefits"). Besides, to the extent anyone wants to proceed with litigation, this settlement will not prevent them as they are not bound by its terms unless they affirmatively choose to participate.

### B.  Republic's Financial Condition

The second factor, Republic's financial condition, does not weigh in favor or against settlement.  Class Counsel is not asserting that Republic's inability to withstand a greater judgment is a material factor in support of resolution.  Class Counsel notes, however, that Republic's significant financial resources, but for settlement, could be utilized against the Class and individuals to wage a battle of attrition if this Settlement Agreement did not receive final approval.

### C.  The Complexity and Expense of Further Litigation

The third factor, the complexity and expense of further litigation, weighs heavily in favor of settlement. This case involves complex issues, including subsurface smoldering events, proper landfill maintenance, air dispersion of odors, and the effect on property valuation.  Class Counsel waged an aggressive, comprehensive effort to prosecute the case and, in doing so, worked nearly 3000 hours on this case. Class Counsel consulted with several experts and digested extensive testing data from the Missouri Department of Natural Resources.  In addition, Class Counsel

conducted its own testing under the guidance of one of its consultants.  But for settlement, Republic would have continued to vigorously contest class certification, its liability and the nature and extent of damages.  Moreover, there is reasonable doubt that a more favorable result could be obtained if this case were litigated against Republic through the remainder of merits discovery, expert discovery, trial and inevitable post-trial motions and appeals.  In sum, based on Class Counsel's past experience litigating complex cases and the complexity of issues arising in this case, Class Counsel determined that a favorable judgment for the class at trial would likely be significantly eroded by additional attorneys' fees and expenses.

### D.  The Opposition to Settlement

Finally, the limited opposition to settlement should not derail the Voluntary Participants who constitute the vast majority of class members.  Out of 1244 potential class members, twenty-five have submitted objections (only 2%) and eighty have submitted written opt-outs[5] indicating they do not wish to participate in the case.

The objections largely fall into three categories: (1) not enough money; (2) health concerns; and (3) future uncertainty of odors and issues.  For all of these objections, the objectors have failed to offer evidence in support of their objections or otherwise show how this settlement binds them in any way.  Instead, the objectors can pursue their own rights individually. *In re Uponor, Inc.*, 716 F.3d at 1064.

Objections based on lack of money should be overruled because these objections ignore the very essence of settlement, which is to compromise claims rather than risk trial.  Most settlements do not fully compensate plaintiffs for their full damages.   To the extent objectors desire a buy out as the remedy, those objectors have failed to show that a buy out is an option. *In*

---

[5] "Opt-outs are not members of the class and hence are not entitled to the protection of Rule 23(e)." *Jenson v. Continental Fin. Corp.*, 591 F.2d 477, 482 n. 7 (8th Cir. 1979).

*re Uponor, Inc.* 716 F.3d at 1063.  As explained above, a buy out is not an option in temporary nuisance cases.  Again, the class members do not have to participate in the settlement program but instead may try to recover more money on their own.

Objections specifically based on potential health concerns should also be overruled.  To the extent Class members believe their past or current condition could be caused by the Landfill, they should not choose to voluntarily participate in the settlement program.  As to future health issues, Voluntary Participants do not waive or release those claims pursuant to the terms of the Settlement Agreement. Doc. 118-1 at page 4.

Finally, objections based on the future uncertainty of whether the Landfill will continue to cause odors should also be overruled because that uncertainty should not derail the vast majority of Class Members that have decided to become Voluntary Participants in the settlement program.  Those Class Members have made calculations based on future risks and decided that the Settlement Agreement outweighs future risks.  To the extent objectors feel otherwise, they are not bound by the Settlement Agreement.

<u>Conclusion</u>

All of the factors weigh strongly in favor of class action settlement.  The uncertainty of whether Class Members could prevail on several difficult legal and factual questions and obtain a more favorable judgment is a risk.  Even if they could, the costs required to do so would not likely net them a better recovery than the settlement affords.  The settlement is a product of an arms-length transaction between the parties, and counsel agrees that the resulting agreement is fair, reasonable and adequate.   For these reasons, the Court should approve settlement and dismiss the claims of the class members who are participating in the settlement.

DATED:  July 30, 2014                SIMMONS HANLY CONROY LLC

/s/ Jo Anna Pollock
Ted N. Gianaris, #48359
Jo Anna Pollock, #50430
John R. Phillips, #55159
Jennifer Hightower, #6301329IL
One Court Street
Alton, Illinois  62002
(618) 259-2222 Tel.
(618) 259-2251 Fax
tgianaris@simmonsfirm.com
jpollock@simmonsfirm.com
jphillips@simmonsfirm.com
jhightower@simmonsfirm.com
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 30th day of July 2014, a true and accurate copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

Mr. William G. Beck
Mr. Robert G. Rooney
Mr. Peter F. Daniel
Ms. Allyson E. Cunningham
Lathrop & Gage LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
bbeck@lathropgage.com
rrooney@lathropgage.com
pdaniel@lathropgage.com
acunningham@lathropgage.com

and

Mr. Matthew A. Jacober
Lathrop & Gage LLP
7701 Forsyth Boulevard, Suite 500
Clayton, MO  63105
mjacober@lathropgage.com

*Attorney for Defendants Republic Services Inc.,*
*Allied Services, LLC, d/b/a Republic Services of Bridgeton*
*and Bridgeton Landfill, LLC*

Daniel P. Finney, Jr.
Daniel P. Finney III
Christopher J. Finney
Finney Law Office, LLC
1735 S. Big Bend Blvd.
St. Louis, MO  63117
(314) 646-0300

*Attorneys for Objector John James*

/s/ Jo Anna Pollock

11