IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Marsha Buck, Troy Lewis, Jean Lewis, Mike Head, and Janet Head, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Republic Services, Inc., Allied Services, LLC, and Bridgeton Landfill, LLC,<br><br>Defendants. | Case No. 4:13-CV-00801-TCM |

## **APPROVAL ORDER**

In the Preliminary Approval Order dated April 17, 2014 and in the Amended Preliminary Order dated June 13, 2014 , this Court scheduled a Final Approval Hearing for August 1, 2014 at 9:30 a.m. to determine: (a) whether the proposed settlement between Plaintiffs, Marsha Buck, Troy and Jean Lewis, Todd Chowning, and Mike and Janet Head, individually and on behalf of all others similarly situated, and Republic Services, Inc., Allied Services, LLC, and Bridgeton Landfill, LLC, on the terms and conditions set forth in the Settlement Agreement and Limited Release (the "Agreement"),[1] is fair, reasonable and adequate, and (b) whether to enter the Final Approval Order (Exhibit E to the Agreement). The Court also ordered that the Settlement Notice (Exhibit B to the Agreement) be served upon the Class in the manner described in the Preliminary Approval Order, and that the Class Action Fairness Act notices, pursuant to 28 U.S.C, § 1715, (Exhibit C to the Agreement) be provided to the appropriate State and Federal officials.

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Agreement.

The Final Approval Hearing on the Agreement was duly held before this Court at which time all interested persons were afforded an opportunity to be heard. This Court has duly considered all of the submissions and arguments presented on the proposed settlement.

NOW, THEREFORE, THIS COURT FINDS, CONCLUDES, ADJUDGES AND DECREES THAT:

1. The Court has jurisdiction over the parties and the subject matter of this litigation;

2. For purposes of implementation of this settlement and by agreement of the parties, the Court certifies the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3);

3. The settlement reached between Plaintiffs Marsha Buck, Troy and Jean Lewis, Todd Chowning, and Mike and Janet Head, individually and on behalf of the Settlement Class, and the Settling Defendants, on the terms and conditions set forth in the Agreement, is fair, reasonable, adequate, in the best interests of the Settlement Class, and is hereby approved;

4. Plaintiffs Marsha Buck, Troy and Jean Lewis, Todd Chowning, and Mike and Janet Head, individually and on behalf of all others similarly situated and Class Counsel (Simmons Hanley Conroy) have fairly and adequately represented the interests of the Settlement Class in this matter and in its resolution;

5. This Order is binding upon Plaintiffs Marsha Buck, Troy and Jean Lewis, Todd Chowning, and Mike and Janet Head, the Settlement Class, and the Settling Defendants. The Settlement Class is the 947 members who have opted in plus any additional who opt in by August 8.

6. The names of the members of the Settlement will be provided following August 8, 2014, the deadline in which any class member who has not already opted in to the settlement

must provide their claim form to Class Counsel. Class members who have not executed the required release, but now wish to do so, are instructed to contact Class Counsel as follows:

> Bridgeton Landfill Class Counsel
> Simmons Hanly Conroy
> One Court Street
> Alton, Illinois 62002
> Email: BridgetonSettlement@simmonsfirm.com
> Phone: 855-259-6572

The Parties advise the Court that presently 947 class members have opted into the Settlement. The Parties are directed to provide the Court with a Final Order and Judgment of Dismissal following the August 8, 2014 deadline, additional class members shall all be named, and final attorneys' fees shall be provided.

7. The agreement between the parties to settle this case shall be consummated in accordance with the terms and conditions of the Agreement. The parties are directed to carry out their obligations under the Agreement;

8. The Settlement Notice served on the Settlement Class following entry of the Preliminary Approval Order constituted the best notice practical under the circumstances and is in full compliance with the notice requirements of due process and Fed R. Civ. P. 23;

9. The notice served on the appropriate Federal and State officials following entry of the Preliminary Approval Order is in full compliance with the provisions set forth in the Class Action Fairness Act, 28 U.S.C, § 1715;

10. Upon the Effective Date of the Agreement, Plaintiffs Marsha Buck, Troy and Jean Lewis, Todd Chowning, and Mike and Janet Head and the Settlement Class are (i) deemed to have released the claims within the scope of the Settlement Agreement and Release, and (ii) permanently enjoined from continuing to prosecute, or otherwise initiating, claims within the scope of the Settlement Agreement and Release;

11. The Court finds that Class Counsel is entitled to retain attorneys' fees from the Settlement Funds of $1,154,984.86, and that Class Counsel is additionally entitled to retain from the Settlement Funds the amount of $251,147.21 as reimbursement for litigation costs and expenses reasonably incurred in connection with the Lawsuit;

12. All of the claims asserted in this lawsuit by Plaintiffs Marsha Buck, Troy and Jean Lewis, Todd Chowning, and Mike and Janet Head, individually and on behalf of the Settlement Class, are dismissed with prejudice, each party to bear its own costs;

13. The Court further finds that, Defendants have agreed never to assert that the Release set forth in Paragraph 4 of the approved Settlement Agreement bars claims that would be allowed by the Optional Addendum (Doc. 143-3) if the settlement class member had signed the addendum. In addition, the parties agree and the Court finds that the word "present" in the Release set forth in Paragraph 4 of the approved Settlement Agreement refers to the date it was signed by the particular settlement class member, and the word "future" refers to all subsequent time.

14. Prior to the Final Approval Hearing, Objections were filed by the following individuals: Elmer and Margaret Klump, Frank and Lupe Licata, Mary Beth Sutterfield, Phil Parrino, Rick Sutterfield, Sylvia Barfield, Deborah Helm, Geraldine Zoll, Heather Bernardon, Mitchell Vardeman, Cherylee Jean Johnson, Martha Watson, Connie Wyatt, Jr., Gloria Wyatt, Patricia M. Figura, Ronald Manaso, Sharon Bishop, David Blackwell, Jill and Thomas Olmsted, Bruce S. Bennett, Leah Reed, Joseph and Deanna Smith, and John E. James. In addition, the Court, during the Final Approval Hearing, provided all objectors, whether they had filed or not, with the opportunity to present their objection to the Court. The Court has reviewed all

Objections filed and considered carefully the presentations of Objectors at the Final Approval Hearing. All Objections to the entry of this Final Approval Order are hereby Overruled; and

15. This Court retains jurisdiction over all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement and Release and this Order. If this Final Approval Order is reversed on appeal, the Agreement, the preliminary approval proceedings related to it, and the final approval hearings related to it are all without prejudice to the rights of the parties to the litigation.

Dated: 8/1/14

IT IS SO ORDERED

_____
Magistrate Judge Thomas C. Mummert